**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLACKTAIL MOUNTAIN RANCH CO., LLC, a Nevada Limited Liability Company; EDWIN RITTER JONAS, III, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LINDA B. JONAS; QUENTIN M. RHOADES; CRAIG MUNGAS; SULLIVAN, TABARACCI & RHOADES, P.C., a Professional Corporation; JAMES DORMER; GARDNER AUCTION CO. INC.; ROBERT D. ERICKSON; STEVE STELLING, DBA Stelling & Associates; HIGH COUNTRY MARKETING, LLC, DBA Montana Livestock Auction, Inc., <br><br> Defendants - Appellees. | No. 14-35302 <br><br> D.C. No. 9:13-cv-00090-DWM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 10, 2015[]
Seattle Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Appellants Edwin Jonas (Jonas) and his company, Blacktail Mountain Ranch Co. (Blacktail Mountain) (collectively, Plaintiffs), appeal from the district court's dismissal of their action against Jonas' former wife Linda Jonas (Linda), the attorneys who represented her (collectively, the Attorney Defendants), the state-court appointed receiver, and the receiver's agents (collectively, the Receiver Defendants).

This case involves challenges to the validity and enforceability of a New Jersey judgment against Jonas for unpaid alimony and child support to Linda, among other obligations. Linda subsequently domesticated her judgment in Montana state court.

1.      The district court did not abuse its discretion in taking judicial notice of the Montana Supreme Court decisions. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Moreover, the district court did

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not fail to take judicial notice of the New Jersey documents submitted by Plaintiffs, and gave full faith and credit to the New Jersey judgment.

2.      The district court acted within its discretion in denying Plaintiffs' motion to disqualify Defendants' counsel as advocates who were likely to be necessary witnesses.  In any event, Plaintiffs lacked standing to move for disqualification because they were not clients or former clients of Defendants' counsel.  *See De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1077 (9th Cir. 2011).

3.      The district court did not abuse its discretion in setting aside for good cause the clerk's entry of default against Linda.  The district court found that (1) reopening the default judgment would not prejudice Plaintiffs, given the early stage of the litigation; (2) Linda had meritorious defenses; and (3) she had not engaged in culpable conduct that led to the default.  *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

4.      The district court properly dismissed the claims against the Receiver Defendants on the grounds of absolute judicial immunity.  Plaintiffs' argument that

the Receiver Defendants were not entitled to immunity because the appointing judge was not entitled to judicial immunity fails. Because the appointing judge had subject matter jurisdiction over Linda's domestication case, he did not act in the "clear absence of all jurisdiction" that would deprive him of judicial immunity, *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008) (citation omitted); Mont. Const. art. VII, § 4 (conferring jurisdiction on the state district court); *see also* Mont. Code Ann. § 3-5-302 (same). Because the appointing judge was entitled to absolute judicial immunity, so too were the Receiver Defendants. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302-03 (9th Cir. 1989).

5.   The district court properly dismissed the claims against Linda and the Attorney Defendants on the grounds of collateral estoppel and res judicata. *See Planned Parenthood of Montana v. State*, 342 P.3d 684, 686 (Mont. 2015). The issues in both cases involve the validity and enforceability of the New Jersey judgment. There was a final judgment on the merits in the Montana state courts. Jonas and Blacktail Mountain were parties to or in privity with a party to the prior action. *See Wamsley v. Nodak Mut. Ins. Co.*, 178 P.3d 102, 114 (Mont. 2008). Jonas was afforded a "full and fair opportunity to litigate the issue." *Planned Parenthood*, 342 P.3d at 686.

4

Res judicata bars Plaintiffs' claims against the Attorney Defendants, as these claims could have been raised in the Montana state court litigation. *See Gibbs v. Altenhofen*, 330 P.3d 458, 463 (Mont. 2014).

Because the district court properly dismissed the action on the basis of absolute judicial immunity, collateral estoppel, and res judicata, we need not address its dismissal on the basis of the *Rooker-Feldman*[1] doctrine.

**AFFIRMED.**

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).